

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT ROLLINS, | ) | |
| | ) | |
| Movant/Defendant | ) | No. 03 C 8425 |
| | ) | |
| v. | ) | The Honorable William J. Hibbler |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondant/Plaintiff. | ) | |

MEMORANDUM OPINION AND ORDER

Robert Rollins filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Rollins' § 2255 motion.

I. Procedural Background

On June 29, 2001, a jury returned a guilty verdict against Robert Rollins on four counts of bank robbery, 18 U.S.C. § 2113(a), and four counts of using or carrying a firearm in relation to a crime of violence, 18 U.S.C. § 924(c). This Court sentenced Rollins to terms of 25 years on each of the convictions for bank robbery, running consecutively, and to 78 months on each of the convictions for carrying or using a firearm to run concurrently to each other, but consecutively to the sentences for bank robbery, for a total term of imprisonment of 106 years. Rollins appealed his conviction to the Seventh Circuit, which affirmed the judgment in this Court.

Rollins now moves to vacate or set aside his conviction pursuant to § 2255 on the following grounds: (1) ineffective assistance of counsel; (2) the denial of his *pro se* motion to dismiss the

1

charges against him for lack of jurisdiction; (3) the government suborned perjury; (4) the evidence produced at trial was insufficient; (5) and prosecutorial misconduct.[1]

## II. Procedural Default

Before addressing the merits of Rollins's claims, this Court must first determine whether he has procedurally defaulted any of his claims. A § 2255 motion is not a substitute for a direct criminal appeal, and therefore if a § 2255 movant fails to raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the movant can demonstrate cause for the procedural default or actual prejudice from the failure to appeal, *Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005), or that enforcing the procedural default would lead to a fundamental miscarriage of justice, *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003). Ineffective assistance of counsel claims are not defaulted, however, where trial counsel represents the movant on direct appeal or where the claim involves evidence outside the record. *Ballinger v. United States*, 379 F.3d 427, 429-30 (7th Cir. 2004); *Allen v. United States*, 175 F.3d 560, 562 (7th Cir. 1999).

Rollins's trial counsel represented him on direct appeal, so he has not defaulted his ineffective assistance of counsel claims. Rollins, however, did not raise any of the other claims he raises in his § 2255 motion. Rollins offers no explanation why he did not raise these claims during his direct appeal, nor does he explain how he might have been prejudiced by his failure to appeal

---

[1] Rollins also attempts to supplement his motion with an argument based on *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 150 L. Ed.2d 403 (2005). In order for the Court to consider an argument based on *Blakely*, it would have to apply it retroactively. The Seventh Circuit has made clear that *Booker v. United States*, 543 U.S. 220, 125 S.Ct 735 (2005), which applied *Blakely* to the United States Sentencing Guidelines, are not to be applied retroactively. *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005).

2

them. Consequently, the Court holds that Rollins has procedurally defaulted all of his claims but for his ineffective assistance of counsel claims.

III. Analysis

To successfully challenge a conviction under § 2255, a movant must demonstrate that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. In order to mount a successful claim that counsel was ineffective, a defendant must demonstrate that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) that but for counsel's errors, there is a reasonable probability that the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-94, 104 S.Ct. 2052, 80 L.Ed 674 (1984); *Shell v. United States*, 448 F.3d 951, 954 (7th Cir. 2006). Because there is a strong presumption that counsel's performance falls within the standards of professional norms, a defendant must identify specific acts or omissions of counsel that form the basis of his claim of ineffective assistance. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *Granada v. United States*, 51 F.3d 82, 83 (7th Cir. 1995). To demonstrate prejudice, a defendant must establish that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Taylor v. Bradley*, 448 F.3d 942, 948 (7th Cir. 2006).

Here several of Rollins's claims center around his belief that his attorney should have constructed an argument based upon the banks' FDIC status. For example, Rollins suggests that his counsel should have conducted a pre-trial investigation to demonstrate that the banks' FDIC status was not current (an element of the crime for which he was convicted). Rollins also suggests that his counsel was ineffective because he went to trial without a pre-trial strategy — namely an argument

based on the banks' FDIC status. Rollins also claims that his counsel was ineffective because he failed to make an objection in front of the jury when the government introduced evidence of the banks' FDIC status. Finally, Rollins claims that counsel should have made both a post-trial motion and an argument in his direct appeal regarding the lack of proof of the banks' FDIC status. These arguments can be easily dispensed with. The government introduced the banks' FDIC certificates and affidavits from the custodian of record from the FDIC demonstrating that the banks were, in fact, federally insured at the time of the offense. Rollins attaches numerous documents to his motion in a vain effort to demonstrate that the banks were not federally insured at the time of the offense, none of which so demonstrate. *See Lord v. United States*, 746 F.2d 942, 942 (2nd Cir. 1984) (a bank need not be specifically insured against bank robbery to satisfy the definitional provision of the bank robbery statute). Pursuing an argument that the banks were not federally insured would have been frivolous, and counsel cannot be ineffective in failing to pursue a frivolous argument. Given these facts, Rollins cannot show that counsel's decision not to pursue any arguments based on the FDIC status of the banks caused his performance to fall below an objective standard of reasonableness.

Rollins also raises claims regarding his counsel's handling of the evidence. Specifically, Rollins argues that counsel should have filed a motion to suppress — but Rollins offers no bases whatsoever for his counsel to have done so. Similarly, Rollins argues that counsel should not have stipulated to the government's fingerprint evidence, but offers no explanation of what other evidence his counsel might have elicited or how counsel might have undermined the government's evidence had the witness testified in court. Finally, Rollins suggests that counsel failed to raise the fact that a torn piece of paper found inside a back pack did not match a $1,000 money band recovered from one of the banks. But this evidence did not point to Rollins' innocence; instead, it was only

4

insufficient, by itself, to demonstrate his guilt. Making weak (or frivolous) arguments detracts from stronger ones. *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003). Consequently, a counsel's failure to raise a weak or frivolous argument is a tactical decision that does not undermine his performance or suggest that he rendered ineffective assistance. *United States v. Harris*, 394 F.3d 543, 556 (7th Cir. 2005) (failure to impeach witness not ineffective assistance); *United States v. Trevino*, 60 F.3d 333, 339 (7th Cir. 1995) (failure to quibble with fingerprint expert not ineffective assistance).

Finally, Rollins claims that counsel's pre-trial preparation was deficient. Rollins suggests that counsel should have investigated the crime scene and interviewed employees of the victim banks. Rollins fails, however, to explain what exculpatory information counsel would have discovered had he conducted such an investigation. *See United States v. Ashimi*, 932 F.2d 643, 649 (7th Cir. 1991) (in order to know whether a deficient investigation prejudiced defendant, defendant must demonstrate what exculpatory information counsel would have discovered). Rollins suggests only that counsel would have been able to cross-examine the eye-witnesses more effectively and discredit them because they provided inconsistent descriptions of the robber. But counsel did extensively cross-examine the eye-witnesses regarding their identifications and descriptions, and their identifications and descriptions were remarkably consistent. Further, many of the eye-witnesses had selected Rollins from a photographic lineup. Rollins therefore fails to explain how he was prejudiced by counsel's pre-trial investigation. *United States v. Morrison*, 946 F.2d 484, 500 n. 3 (7th Cir.1991) (prejudice not presumed despite counsel's failure to pursue and present an alibi defense, where he did cross-examine witnesses, impeaching them based on their prior testimony and their potential for bias); *Ashimi*, 932 F.2d at 649. Rollins's failure to identify, specifically, the

prejudiced caused by counsel's allegedly deficient investigation is particularly glaring given the facts that Rollins admitted to committing all four bank robberies and that the government presented substantial physical evidence linking Rollins with the crimes (including a coat identified by nearly all of the eye-witnesses).

Rollins motion to correct or vacate is DENIED.

IT IS SO ORDERED.

_11/20/06_
Dated

The Honorable William J. Hibbler
United States District Court